# MERRIMACK,

## JANUARY TERM, A. D. 1859.

### CALL *v.* GUY GRAY AND WILSON GRAY.

No formal delivery of personal chattels mortgaged is necessary, if the mortgage is duly executed and recorded according to the statute.

As between the mortgagor and mortgagee of personal chattels, a specific and particular description of the several articles mortgaged, by which to identify them from other like articles of the mortgagor, in the same building, is not necessary.

A mortgage of a specific number of articles, of a particular kind, in a house in which are other like articles of the mortgagor, gives to the mortgagee the right of selection.

ASSUMPSIT, on a promissory note made by the defendants. It appeared in evidence that the plaintiff called on Guy Gray for the payment of the note ; that being unable to pay it, he consented to secure it : That thereupon a new note was given, signed by Guy Gray alone, and he gave a mortgage of a lot of household furniture to secure its payment. The furniture mortgaged was at the time in the house occupied by said Guy Gray, and there was a large quantity of furniture besides, in the house, and of the same kinds with that which was mortgaged. Guy Gray, at the time, represented all the furniture in the house to be his, and the mortgage was not of any particular articles, but was of a certain number of beds, chairs, &c., in the house, without any further designation. The evidence tended to prove that only part of the furniture in the house, about half, belonged to Guy Gray, and that the

Call v. Gray.

rest belonged to the said Wilson Gray. The note in suit was given up when the new note and mortgage were taken. The evidence tended to prove that Guy Gray, when the plaintiff sought to enforce the mortgage, said that all the furniture in the house belonged to Wilson Gray, and none of it was his, and that Wilson Gray himself claimed the whole; but Wilson Gray testified that he owned only a part of it, and that Guy Gray owned as much of it as he had mortgaged, but whether of value to secure the mortgage did not appear. He stated what he himself owned, which was a large part of the whole.

The plaintiff contended that if Guy Gray had owned the whole, he had a right to select from all the furniture in the house the number of articles of each kind that was mortgaged to him; and that, inasmuch as he did not own the whole, he had been guilty of misrepresentation and fraud, and that the plaintiff had a right to surrender the new note and° obtain payment of the old note, and he brought the new note into court for that purpose.

The court in their instructions to the jury sustained this view of the law, and the jury found a verdict for the plaintiff. The defendants excepted to the instructions of the court to the jury, and the exception was allowed.

*Minot & Mugridge*, for the defendants.

The instructions of the court below were incorrect. The mortgage, not being of any specific articles, was void. In order to constitute a sale of chattels there must be an agreement as to specific articles. *Davis* v. *Hill*, 3 N. H. 382; *Merrill* v. *Hunnewell*, 13 Pick. 213; *Rapelye* v. *Mackie*, 6 Cowen 250.

And in this respect there is no difference between an absolute sale and a mortgage. *Bullock* v. *Williams*, 16 Pick. 33.

If in this case, instead of a mortgage the conveyance had purported to be an absolute sale, it would have

amounted to nothing more than a contract to deliver articles of the kind mentioned; and in that case Guy Gray, not the plaintiff, would have the right of selection. See *Davis* v. *Hill*; *Rapelye* v. *Mackie*, above cited. That the mortgage in this case was also void for uncertainty. See *Barnard* v. *Eaton*, 2 Cushing 294.

So far, then, as the mortgage was concerned, the representations of Guy Gray relative to the title to the property in the house, were immaterial, because, even if he had owned the whole of it, the rights of the plaintiff under the mortgage would not have been thereby affected. Nor, considering the mortgage as a contract to deliver the articles mentioned, were those representations material, especially if Guy Gray then owned sufficient of the property to fulfill the contract.

*Rolfe & Marshall*, for the plaintiff.

1. The mortgage was sufficiently specific and certain; the articles were all mentioned; the number of each given, and the place described where they were situate. There was no separation to be made; no counting, to ascertain the quantity; no weighing, to find the amount. All was made certain by the mortgage.

2. It is not necessary, to constitute a valid mortgage, that there should be either an actual or a symbolical delivery. The rule of the common law as to sales does not govern in relation to chattel mortgages, but that rule is superseded by the statute. Comp. Laws, chap. 138, sec. 2.

Registration is a substitute for delivery by the mortgagor, and for possession by the mortgagee. *Bullock* v. *Williams*, 16 Pick. 35.

The property, by operation of law, vests in the mortgagee, and he has only to take his property wherever he can find it in the hands or possession of the mortgagor. *Claiborne* v. *Hill*, 1 Wash. (Va.) Rep. 277.

3. But as between the vendor and vendee, no delivery

is .necessary. *Gardiner* v. *Howland*, 2 Pick. 602; *Lanfear* v. *Sumner*, 17 Mass. 110; *Butterfield* v. *Baker*, 5 Pick. 525; *Felton* v. *Fuller*, 29 N. H. (9 Foster) 128; *Ricker* v. *Cross*, 5 N. H. 570. All the authorities cited by the defendant go to the rights of other persons than the parties to the mortgage.

4. By force of the mortgage the plaintiff became owner of the property, as against the mortgagor, with a right of present possession. *Codman et als.* v. *Freeman*, 3 Cush. 314.

5. The doctrine of a confusion of goods applies to articles the portions of which, from their nature, cannot be distinguished, and does not apply to furniture. 2 Bl. Com. 405; 3 Dane's Abr. 117.

Goods of a mortgagee that are so mixed with the goods of another as to be undistinguishable, may be attached by an officer, and held till the mortgagee selects his own, identifies them, and points them out to the officer, and the officer is then bound to re-deliver them. 2 Hilliard's Mortgages 194, 204; 11 Metcalf 493; *Wilson* v. *Lane*, 33 N. H. 467, and cases there cited.

6. Grants are to be construed most strongly against the grantor, because he is presumed to have received a valuable consideration for what he parts with. Co. Lit. 146; 2 Bac. Abr. 665; *Worthington et al.* v. *Hylyer*, 4 Mass. 196.

7. The mortgagee had the right to make his selection of the property mortgaged. Bac. Abr. 183, 184; Co. Lit. 145; 2 Co. 37, a.

Where an interest passes immediately to the grantee, there the election may be made by him. Co. Lit. 145; 2 Co. 36, a; 37, a; Dane's Abr., chap. 89, a, 4, 9, 10; 2 Hilliard's Abr. 148; 13 Johns. 219.

EASTMAN, J. If the plaintiff was induced to surrender the note in suit by the misrepresentation and fraud of Guy Gray, one of the signers of the note, it is plain that

such surrender would not operate to pay the debt or cancel the note, and that a suit may be maintained upon the note against both of the makers. This position is not controverted by the defendant's counsel.

It is contended, however, that the mortgage taken by the plaintiff from Guy Gray, upon the giving of the new note, did not convey any specific articles, and was therefore void; and hence that the representations of Guy Gray, whether true or false, were immaterial.

The mortgage was of a lot of household furniture, not of any particular articles, but of a certain number of beds, chairs, &c., in the house, without any further designation. The kind of articles is given, and their number and the place where they are kept, but there is no specific and particular description by which to identify them from other like articles which were in the house. The question then is, would this have been a good mortgage, as between the mortgagor and mortgagee, had Guy Gray been the owner of all the furniture in the house, as represented by him?

In *Hayward's Case*, 2 Coke 38, it is said, if I give you one of my horses in my stable, there you shall have election. And if one grant to another twenty loads of maple, to be taken in his wood, there the grantee shall have election. And in *Palmer's Case*, 5 Co. 24, the court say, if a man grant six hundred cords of wood out of a large wood, the grantee hath election to take them when and in what part of the wood he pleases, without any appointment of the grantor. Cro. Eliz. 819; Moore 691; Jones 276; Hobart 179.

The doctrine is the same as that which prevails in the conveyance of real estate — that the grant shall be taken most strongly against the grantor.

When personal chattels are mortgaged, delivery to and possession by the mortgagee are not essential to the validity of the mortgage. Registration in the office of the

Call v. Gray.

clerk of the town where the mortgagor resides is sufficient. Rev. Stat., chap. 132, sec. 2.

In the sale of personal chattels, the general rule is that delivery of possession is necessary, as against all except the vendor; but between the vendor and vendee the property will pass without delivery. *Shumway* v. *Rutter*, 7 Pick. 56; *Ricker* v. *Cross*, 5 N. H. 570; *Felton* v. *Fuller*, 29 N. H. (9 Foster) 121, 129.

The cases which show that trespass and trover cannot be maintained until the property is separated and identified, depend upon the principle that property in the particular articles is indispensible, in order to sustain those actions. If specific articles are alleged to have been converted or injured, the plaintiff must show such articles to be his. But in the case of a recorded mortgage under the statute, no formal delivery being required, such particular identification is, as between the parties, unnecessary. And the question in this case is, not as to the plaintiff's right to maintain trespass or trover, but as to the effect of the mortgage.

And we think that, as between the mortgagor and mortgagee, had the representations of Guy Gray been true, the plaintiff would have held a good mortgage, which would have given him the power to enter the house and take the property mortgaged. He would have had the right to select the number of beds, chairs, &c., stated in the mortgage. The mortgagor had conveyed to him the articles by number; they had been delivered to him by the delivery and record of the mortgage, and this delivery, so far as the parties were concerned, was as binding as if the plaintiff had taken them into actual possession. The mortgagor had nothing further to do to make the mortgage perfect, and the plaintiff had the right to make a selection of the articles.

The mortgage, then, so far as the instrument itself went, was legal between the parties; and the representa-

tion of the mortgagor, that he owned all the property, was material, and being falsely made was evidence of fraud in procuring the surrender of the note. The ruling of the court was therefore correct, and the exceptions must be overruled and the

*Judgment affirmed.*